# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Matthew Gregory Vannozzi,

        Plaintiff

v.

Clark County, et al.,

        Defendant

Case No.: 2:25-cv-00344-JAD-NJK

**Order Denying Motions**

[ECF Nos. 19, 20]

Matthew Vannozzi brings Americans with Disabilities Act (ADA), Rehabilitation Act, and Nevada-law employment claims against Clark County, alleging that its fire department refused to preserve his probationary firefighter-paramedic position while he recovered from line-of-duty injuries and cardiac conditions, failed to engage in the interactive process, and fired him for his disability. Clark County moves to strike three claims that Vannozzi added to his second amended complaint without first seeking leave, and it moves to dismiss the rest of his claims because, in the County's view, Vannozzi's own allegations show that he was not a qualified individual under the ADA.

While Vannozzi should have sought leave before adding new claims, the claims arise from the same accommodation-and-termination story, and Clark County has not shown prejudice. So I allow these claims to remain and deny the motion to strike. And because the second amended complaint plausibly alleges that Vannozzi sought a finite recovery-time accommodation and suffered adverse action after invoking ADA-protected rights, I deny the motion to dismiss, too.

**Background[1]**

**A.      Vannozzi is injured on firefighter duty and develops cardiac and blood-related conditions.**

The Clark County Fire Department hired Matthew Vannozzi as a probationary firefighter-paramedic in January 2023.[2]  He completed the Clark County Fire Academy that May and began full-duty work as a firefighter-paramedic.[3]  But four months later, while responding to a fire incident, Vannozzi injured his left upper extremity, neck, and right wrist badly enough to prevent him from performing the essential functions of that job.[4]  About a month after that, he suffered a non-ST elevation myocardial infarction that required emergency stent placement.[5]  During that treatment, he was also diagnosed with an aortic aneurysm, hemochromatosis, and a hypercoagulable state.[6]

Those cardiac and blood-related conditions required anticoagulation therapy, making the inherent risks of firefighting potentially fatal because traumatic injury could lead to dangerous bleeding.[7]  Multiple doctors placed Vannozzi on disability status and complete work restrictions, leaving him unable to perform firefighting duties during his recovery period.[8]  His treating cardiologist estimated on November 8, 2023, that Vannozzi would need at least six weeks before

---

[1] These facts are taken from Vannozzi's second-amended complaint (ECF No. 18) and are not intended as findings of fact.

[2] ECF No. 18 at ¶ 16.

[3] *Id.* at ¶ 21.

[4] *Id.* at ¶ 22.

[5] *Id.* at ¶ 23.

[6] *Id.* at ¶¶ 24–25.

[7] *Id.* at ¶¶ 26–27.

[8] *Id.* at ¶¶ 29–32.

he could return to work from a cardiac standpoint, putting that timeframe in mid-to-late December.[9]  But that estimate did not account for his orthopedic injuries, which required additional recovery time.[10]

Clark County knew about Vannozzi's injuries, medical restrictions, and workers' compensation status.[11]  So, while still unable to perform firefighting duties, Vannozzi requested an extension of his one-year probationary period to give him time to recover and return to full duty.[12]  Vannozzi alleges that Clark County had extended probationary periods for other injured firefighters, but it refused to do so for him.[13]  It also told him that he would "surely fail" probation even if the department extended his probation and he recovered.[14]  Clark County terminated him on December 27, 2023—13 days before his probationary period would have ended.[15]

**B.      Procedural posture**

Vannozzi's first amended complaint contained claims for disability discrimination and failure to accommodate, retaliation, hostile work environment, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent training and supervision.[16]  Clark County moved to dismiss that pleading.  At the hearing on that motion,

---

[9] *Id.* at ¶ 31.

[10] *Id.*

[11] *Id.* at ¶¶ 33–38

[12] *Id.* at ¶ 39.

[13] *Id.* at ¶¶ 41–42.

[14] *Id.* at ¶ 47.

[15] *Id.* at ¶ 48.

[16] ECF No. 5 at ¶¶ 30–91.

Vannozzi withdrew several claims, and I granted the motion to dismiss with leave to amend his disability-discrimination and retaliation claims.

Vannozzi then filed the second amended complaint.  He asserts six claims in it: disability discrimination and failure to accommodate under the ADA, retaliation under the ADA, disability discrimination under the Rehabilitation Act, disability discrimination under NRS 613.330, prohibited practice under NRS 288.270(1)(f), and wrongful termination in violation of public policy.[17]  Clark County now moves to strike the Rehabilitation Act, NRS 288.270(1)(f), and wrongful-termination claims, arguing that their inclusion exceeds the scope of my leave-to-amend ruling.  Clark County also moves to dismiss the entirety of the second amended complaint, arguing primarily that Vannozzi's own allegations show that he was not a qualified individual because he could not perform the essential functions of a firefighter-paramedic position with or without reasonable accommodation.

## Discussion

**A.     Vannozzi's added claims will not be stricken.**

Clark County first asks the court to strike the Rehabilitation Act, NRS 288.270(1)(f), and wrongful-termination claims that Vannozzi added to his second amended complaint.  The County argues that this court gave Vannozzi leave only to cure the defects in his ADA and retaliation claims and that he violated FRCP 15 by adding those claims without seeking leave or obtaining consent.  Vannozzi responds that the added claims are not new in any meaningful sense because they arise from the same alleged denial of accommodation, failure to engage in the interactive process, and termination already at issue.  He argues that the leave order did not

---

[17] ECF No. 18 at ¶¶ 55–115.

expressly prohibit related claims and that, even if leave was required, FRCP 15's liberal-amendment standard favors allowing them to remain.

FRCP 15(a)(2) requires a party to obtain the opposing party's consent or the court's leave before amending a pleading outside the time for amendment as a matter of course. But courts may treat an improperly filed amended complaint as a request for leave to amend.[18] And because Rule 15 is designed to "facilitate decision on the merits, rather than on the pleadings or technicalities," leave should be freely given when justice requires it.[19] Of course, courts may still deny leave for bad faith, undue delay, prejudice to the opposing party, futility, and repeated failure to cure deficiencies.[20]

While Clark County is correct that Vannozzi should have sought leave before adding these claims, I am not persuaded that striking the claims is necessary. The County's bad-faith argument rests mainly on timing: Vannozzi filed the second amended complaint just one week before the amendment deadline, after two prior amendments, and belatedly requested leave only after the County moved to strike. That alone does not show bad faith given that the added claims arise from the same alleged denial of accommodation, failure to engage in the interactive process, and termination that have framed this case from the beginning.

The Count also has not shown that permitting this amendment would cause it prejudice. It argues that the added claims bring new elements, new defenses, and potentially new discovery. But those claims do not introduce a new employment episode, adverse action, decisionmaker, or

---

[18] *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

[19] *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (cleaned up).

[20] *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). I analyze this as a Rule 15 issue, not a Rule 16 one, because Vannozzi filed the second amended complaint before the scheduling-order deadline to amend pleadings expired.

body of proof. And any practical prejudice was softened by the later extension of discovery from December to February—roughly six months after the second amended complaint was filed—and by the County's ability to address these claims on their merits in its summary-judgment motion. Nor will I strike these claims for futility on this record because the County hasn't developed those arguments. Any merits defects will be tested through the summary-judgment process. So I construe Vannozzi's opposition as a request for leave after the fact, grant that request, and deny the motion to strike.

**B.      Vannozzi has sufficiently pled his disability-discrimination and retaliation claims.**

With the motion to strike resolved, I turn to the question of whether Vannozzi's discrimination and retaliation claims are sufficiently pled. FRCP 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[21] While Rule 8 does not require detailed factual allegations, a claim must contain enough facts to "state a claim to relief that is plausible on its face."[22]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pleaded factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[23] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[24] The court must then consider whether the well-pleaded factual allegations state a

---

[21] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[22] *Twombly*, 550 U.S. at 570.

[23] *Iqbal*, 556 U.S. at 678–79.

[24] *Id.*

6

plausible claim for relief.[25]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[26]  "A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[27]  The plaintiff must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory," and a complaint that fails to meet this standard must be dismissed.[28]

### 1.    *Vannozzi has sufficiently pled that he was a qualified individual for his disability-discrimination claim.*

Vannozzi alleges disability discrimination under the ADA and Nevada law.[29]  To state a disability-discrimination claim, a plaintiff must plausibly allege that he is disabled within the meaning of the ADA, that he is a qualified individual able to perform the essential functions of the job with or without reasonable accommodation, and that he suffered an adverse employment action because of his disability.[30]  A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."[31]

---

[25] *Id.* at 679.

[26] *Id.*

[27] *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

[28] *Id.*

[29] Because the parties do not dispute that a disability-discrimination claim under NRS 613.330 is evaluated like a federal ADA claim, *see* ECF No. 19 at 8–9, I analyze these theories together under the ADA standards.

[30] *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996); *see* 42 U.S.C. § 12112.

[31] *Bates v. United Parcel Serv.*, 511 F.3d 974, 989 (9th Cir. 2007) (quoting 42 U.S.C. § 12111(8)).

Clark County contends that Vannozzi has pled himself out of the qualified-individual element.  It points to Vannozzi's repeated allegations that he was under complete work restrictions and could not perform firefighter-paramedic duties.  In the County's view, the requested probation extension was just indefinite leave by another name, and indefinite leave is not a reasonable accommodation.[32]  But the Ninth Circuit recognizes that medical leave or an extension of leave may be a reasonable accommodation when it would allow the employee to return to the job's essential functions in the foreseeable future.[33]

Vannozzi's complaint identifies the requested accommodation as a probationary-period extension, not medical leave through December.  But read in context and in Vannozzi's favor, that request is best understood as a job-preservation mechanism tied to his alleged need for finite recovery time.  He alleges that his cardiologist estimated on November 8, 2023, that he would need at least six weeks before returning to work from a cardiac standpoint, placing that recovery marker in mid-to-late December 2023.  Clark County makes much of the complaint's caveat that the cardiologist's estimate did not account for orthopedic recovery.  That caveat matters, but it is not fatal at this stage.  The complaint does not show that the orthopedic injuries would have prevented Vannozzi from returning in December, so I do not infer that the requested accommodation was indefinite as a matter of law.  At this pleading stage, Vannozzi plausibly alleges that he could have been a qualified individual with a finite recovery-time accommodation, so I deny the motion to dismiss on those grounds.

---

[32] *See Larson v. United Nat. Foods W. Inc.,* 518 F. App'x 589, 591 (9th Cir. 2013) (collecting cases).

[33] *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243 (9th Cir. 1999); *see also Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, n. 19 (9th Cir. 2011).

### 2.     *Vannozzi has sufficiently pled an ADA retaliation claim.*

Vannozzi's final claim is for ADA retaliation. To state it, Vannozzi must plausibly allege that (1) he engaged in protected activity, (2) Clark County took an adverse employment action against him, and (3) there is a causal link between the protected activity and the adverse action.[34] That causal link ultimately requires but-for causation and can be inferred from timing alone when there is a close temporal proximity between the protected action and the retaliatory act.[35]

Clark County contends that Vannozzi's causation theory is implausible. It points to Vannozzi's allegation that the County told him that he would "surely fail" probation even if accommodated and he recovered and reads that statement to mean that his termination had nothing to do with protected activity. While that is a fair inference, it is not the only plausible one. Vannozzi does not allege that Clark County reached that conclusion before he requested accommodation or asserted ADA rights. He instead pleads the protected activity and adverse actions as closely linked in time: he requested accommodation and asserted ADA rights, Clark County denied the request, pressured him to resign, told him he would "surely fail" even if accommodated, and terminated him shortly afterward. Paired with his allegation that other injured firefighters received probation extensions, that close temporal sequence plausibly supports causation at the pleading stage.

### Conclusion

IT IS THEREFORE ORDERED that Clark County's motion to dismiss **[ECF No. 19]** and motion to strike **[ECF No. 20] are DENIED.** Clark County's pending summary-judgment motion will be decided in due course.

---

[34] *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015).

[35] *Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004).

IT IS FURTHER ORDERED that **the hearing scheduled for May 14, 2026, at 1:30 p.m. on these motions is VACATED.**

_____
U.S. District Judge Jennifer A. Dorsey
May 12, 2026